UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

ELLA JOYCE HAMILTON, as Personal
Representative of THE ESTATE OF VELT
TERRAL LEE, deceased,

    Plaintiff,

vs.                                           CASE NO.: 2:01-CV-456-FTM-29DNF

SPEEDWAY SUPERAMERICA, LLC, a
foreign corporation,

    Defendant.

_____/

## SPEEDWAY SUPERAMERICA, LLC'S
## MOTION FOR FINAL SUMMARY JUDGMENT

The Defendant, Speedway Superamerica, LLC by and through undersigned counsel hereby moves this Honorable Court for entry of an Order pursuant to Federal Rule of Civil Procedure 56 granting summary judgment in its favor as to the allegations in the Complaint. In support of its Motion, this Defendant would state that the pleadings, depositions, and discovery responses demonstrate that there is no genuine issue as to any material fact and that this Defendant is entitled to a determination as a matter of law.

### STATEMENT OF UNDISPUTED MATERIAL FACTS

This litigation arises out of the suicide death of Velt Terral Lee on December 16, 2000. On that date, Mr. Lee entered the Speedway location on Cleveland Avenue in Fort Myers, Florida and purchased $1.00 worth of gasoline. (See deposition of Mollie Cummings, page 10 line17 through line19.) It was not unusual for customers to enter the

subject Speedway store to purchase $1.00 worth of gasoline and it happened many times each day. (See deposition of Mollie Cummings page 31, line 1-3, page 24 line 7-10; see also deposition of Mark Courtney page 88 line 9 through line 25.) Mr. Lee proceeded to pump number three and doused his body with gasoline and set himself on fire within a matter of seconds. (See deposition of Celidesse Anelion, page 16, line19 through page 21, line 7.) Mr. Lee re-entered the Speedway store while in flames, for an unknown reason. (See surveillance videotape)

Immediately thereafter, the store manager, Mark Courtney, along with other witnesses came to Mr. Lee's aid and attempted to put the fire out and comfort him until paramedics arrived. (See deposition of Danny McGee page 6 line 12-15 and page 7 line 24 through page 8 line 25.) These facts are also depicted on the Speedway surveillance videotape which captured portions of the subject incident. (See surveillance videotape.)

Mr. Lee was then transported to Lee Memorial Hospital in Ft. Myers, Florida and later to Tampa General Hospital in Tampa, Florida where he died on December 18, 2000. (See deposition of Dr. Wayne Cruse page 23 line 1.)

There is no dispute that Velt Lee committed suicide by intentionally setting himself ablaze on December 16, 2000 at the subject Speedway premises. In addition to the testimony from independent witnesses, Detective Barry Lewis, the investigation officer for the Ft. Myers Police Department, conducted an investigation into this occurrence and ruled it a suicide. (See deposition of Detective Barry Lewis, page 11 line 12 through page 12 line 1; page 22 line 15 through 22; page 33 line 15 through line 25.)

Dr. Vernard Adams, the medical examiner who conducted the autopsy of Velt Lee, also ruled this a suicide. (See Velt Lee's death certificate.)

Mark Courtney was not aware nor did he receive any warnings or notice that Velt Lee was improperly or illegally dispensing gasoline. (See deposition transcript of Mark Courtney page 85 line 24 through page 86 line 3 and page 87 line 11 through line 14.) Mollie Cummings was not aware nor did she receive any warnings or notice that Velt Lee was improperly or illegally dispensing gasoline. (See deposition transcript of Mollie Cummings page 31 line 16-20; page 41 line 24 through page 42 line 6)

Defendant anticipates Plaintiff will attempt to raise a factual dispute about what actual knowledge Speedway employees had about Lee's actions on the subject day. It is anticipated Plaintiff will lend much credence to alleged claims by Lisa Smith, customer at the site on the day of the subject incident, that she told Speedway employees that Lee did not have a car or a gas can. Ms. Smith's story in this regard is unreliable for a number of reasons. First, her story is noticeably inconsistent with her movements inside the store which are depicted on the Speedway surveillance videotape. (See sworn taped statement of Lisa Smith given to Ft. Myers Police Department January 12, 2001.) The surveillance videotape shows Lisa Smith continuing with her shopping after Velt Lee purchased the gasoline and such actions do not display any type of concern for Velt Lee. (See surveillance videotape.) Second, Lisa Smith herself confirms that Velt Lee sounded just like a normal person when he purchased his gasoline. (See sworn taped statement of Lisa Smith given to Ft. Myers Police Department January 12, 2001.) Third, Lisa Smith did not remain at the scene to give police a statement. (See police report.) Smith later

3

contacted Ella Hamilton and told her that she tried to verbally stop Lee from pouring gasoline on himself. (See deposition of Ella Joyce Hamilton page 81 line 6 through page 82 line 7.) Such account is clearly contradicted by Smith's movements as depicted on the surveillance videotape. (See surveillance videotape.) Therefore, there is no dispute that Mark Courtney and Mollie Cummings were not warned and did not have any notice that Velt Lee was going to improperly or illegally dispense gasoline.

The Plaintiff alleges in her Complaint that Speedway is responsible for Mr. Lee's death and seeks recovery on two theories. First, the Plaintiff alleges that Speedway failed to properly supervise, observe and control the dispensing of flammable and combustible liquids used as motor fuels while such liquids are actually being dispensed. Second, the Plaintiff alleges that Speedway failed to prevent dispensing of gasoline in the absence of an approved container. (See Plaintiff's Complaint.)

### BRIEF/LEGAL MEMORANDUM IN SUPPORT OF MOTION FOR FINAL SUMMARY JUDGMENT

Speedway Superamerica moves for final summary judgment on the grounds that it is not civilly responsible for Mr. Lee's suicide death on two grounds. First, Speedway had no duty to assess the mental stability of Velt Lee. Second, Velt Lee's act of suicide was unforeseeable and was an independent, intervening cause and not a probable result of Lee's unauthorized dispensation of gasoline. Plaintiff maintains that Speedway violated Florida Statute section 526.141. The relevant portion of such Statute reads as follows:

> 526.141 Self-service gasoline stations; attendants; regulations. –
>
> (3) All self-service gasoline stations shall have at least one attendant on duty while the station is open to the public. The attendant's primary function shall be the proper administration,

4

> supervision, observation, and control of the dispensing of flammable and combustible liquids used as motor fuels while such liquids are actually being dispensed. It shall be the responsibility of the attendant to prevent the dispensing of flammable and combustible liquids used as motor fuels into portable containers unless such container bears a seal of approval of a nationally recognized testing agency; to control sources of ignition; and immediately to handle accidental spills and fire extinguishers if needed. The attendant on duty shall be mentally and physically capable of performing the functions and assuming the responsibility prescribed in this subsection.

This Honorable Court has authority under the Erie doctrine to follow the substantive law of Florida to interpret Florida Statute section 526.141. "Florida law has not imposed strict liability upon the owner of a service station for distribution of gasoline, and the courts have not treated gasoline as a dangerous instrumentality comparable to an automobile." Butala v. Automated Petroleum and Energy Company, Inc., 656 So. 2d 173 (Fla. 2d DCA 1995). The Court in Walker v. Butler, 461 So. 2d 249 (Fla. 1st DCA 1984), held that violation of Fla. Stat. Section 526.141 is not always actionable. In Walker, the Court held that in order to hold a self-service gasoline station liable it must be shown that the violation proximately caused the injury complained of. See Walker v. Butler, 461 So. 2d 249 (Fla. 1st DCA 1984).

Specifically, a claimant has to prove "(1) that he is of a class the statute was intended to protect; (2) that he suffered the type of injury the statute was designed to prevent; and (3) that violation of the statute was the proximate cause of his injury." Id. "Even when a service station fails to comply with a statute governing the sale of gasoline in approved containers, the station is not liable for a plaintiff's injury where sale of the gasoline is not the cause of the injury." Exxon v. Valdes, 524 So. 2d 452 (Fla. 3rd DCA

1988). There are no Florida cases interpreting such Statute which involve a suicide scenario. Therefore, it is necessary to look at the body of law interpreting such Statute in similar circumstances.

The Court in <u>Roberts v. Shop & Go, Inc.</u>, 502 So. 2d 915 (Fla. 2d DCA 1986) held that there was no "authority to justify saddling gasoline vendors with a duty in each instance of sale to assess the mental stability or criminal propensity of the persons who purchase their products." <u>Id.</u> at 917. The tortfeasor's sudden criminal actions were found to have been unforeseeable. The act was an "independent intervening cause that was not within the realm of reasonable foreseeability on the part of [Shop & Go]." <u>Id.</u> In that case, a customer purchased gasoline and placed it in an unauthorized container pursuant to Fla. Stat. Section 526.141 and went over to a Winn Dixie where he poured the gas on Winn Dixie customers and set them on fire. The injured survivors and estates of the deceased persons filed suit against Shop & Go, Inc. based upon the improper sale of the gasoline to the tortfeasor. The appellate court affirmed the trial court's dismissal of the Plaintiffs' complaint.

Moreover, the Courts in <u>Hansen v. Star Service & Petroleum Company</u>, 513 So. 2d 1124 (Fla. 4th DCA 1987) and <u>Grayson v. Harris</u>, 608 So. 2d 896 (Fla. 3rd DCA 1992) held that summary judgment in favor of the self-service gasoline station and the storer of gasoline was warranted in each case. The Court in <u>Hansen</u> affirmed summary judgment in favor of a self-service gasoline station on the authority of <u>Roberts v. Shop & Go, Inc.</u>, 502 So. 2d 915 (Fla. 2d DCA 1986) where the allegations involved sale of gasoline into an unapproved container. The Court in <u>Grayson</u> held that the fire in that case was not a

natural and probable consequence of storing gasoline in a utility room. "'Natural' and 'probable' consequences are those which a person by prudent human foresight can be expected to anticipate as likely to result from an act, because they happen so frequently from the commission of such act that in the field of human experience they may be expected to happen again." Id. at 897.

In addition to the body of law holding that a violation of a statute must proximately cause the injury complained of, "[i]t has been recognized as a general rule that there is no liability for the suicide of another in the absence of a specific duty of care." See Paddock v. Chacko, 522 So. 2d 410 (Fla. 5th DCA 1988). The Court in the Paddock case held that a psychiatrist was not responsible for the attempted suicide by self-immolation of his psychiatric patient because he did not have a duty to take her into custody to prevent her from inflicting injury upon herself and the failure to arrange for a face-to-face examination or prescribe anti-psychotic drugs was not a proximate cause of the patient's self-inflicted injuries. If a psychiatrist does not owe its patient such standard of care, then certainly a gasoline vender cannot be held to a standard of determining the mental stability of a customer who it has contact with for a matter of minutes. Although Velt Lee was a customer and did ignite the fire on the Speedway premises, pursuant to Roberts and Paddock, Speedway had no duty to assess the mental stability of Velt Lee. At most, Mr. Lee was owed a duty of reasonable care by Speedway. Butala v. Automated Petroleum and Energy Co., Inc., 656 So. 2d 173 (Fla. 2d DCA 1995).

Mr. Lee's death was investigated as, and determined to have been, a suicide. There is no evidence to support Mr. Lee accidentally set himself on fire. Mr. Lee's

medical records, which have been obtained after the fact, clearly indicate he was a diagnosed schizophrenic (see deposition transcript of Amber Foster page 21 line 18 through line 20) who had not taken his medications for quite some time prior to his suicide (see deposition of Ella Joyce Hamilton page 52 line 6 through page 53 line 24). Mr. Lee intended to commit suicide and could and would have used the gasoline for such purpose regardless of the container used. (See depositions of Mark Courtney page 89 line 22 through page 91 line 5 and Mollie Cummings page 32 line 1 through line 9 and page 47 line 9 through page 50 line 3.) Sally Simpson-White testified that while in the care of the Ruth Cooper Center, Velt Lee had been thinking about death. (See deposition transcript of Sally Simpson-White page 18 line 7 through page 19 line 7). Celidesse Anelion testified that he observed Mr. Lee pour gasoline on his body and clothes and set himself on fire with what appeared to be a lighter which Lee obtained from his pant pocket. (See deposition transcript of Celidesse Anelion at page 16, line19 through page 21, line 7.)

Suicide is not a natural or probable consequence of the sale of gasoline. Suicide does not happen so frequently at a gasoline station such that it may be expected to happen again. It is not a common occurrence at gasoline stations and had never occurred at the subject Speedway store prior to December 16, 2000. Speedway did not foresee and could not have foreseen Mr. Lee's act of suicide. Despite Lee's diagnosis, witnesses have testified that there was nothing unusual about his demeanor and that his demeanor was normal at the time he purchased the gasoline. (See deposition transcript of Mark

Courtney page 93 line 25 through page 94 line 2; see sworn taped statement of Lisa Smith given to Ft. Myers Police Department January 12, 2001.)

Mr. Lee's act of suicide by dousing himself in gasoline and lighting himself on fire was not a "natural" and "probable" consequence by which a person by prudent human foresight could have been expected to anticipate as likely to result from an act, because it does not happen so frequently from the commission of such act that in the field of human experience it may be expected to happen again. See Grayson at 897. Conversely, Mr. Lee's act of suicide was an independent intervening cause that was not within the realm of reasonable foreseeability on the part of Speedway. See Guice v. Enfinger, 389 So. 2d 270 (Fla. 1st DCA 1980) and Roberts v. Shop & Go, Inc., 502 So. 2d 915 (Fla. 2d DCA 1986). Therefore, Speedway did not owe any duty to assess Velt Lee's mental stability. Speedway had no reason to question such mental stability because Velt Lee was acting normal at the time he purchased the gasoline.

The proximate cause of the Velt Lee's injury/death was the intentional self-infliction of such injury by Velt Lee. As detailed above, there is no dispute that Velt Lee committed suicide by intentionally setting himself ablaze on December 16, 2000 at the subject Speedway premises. Regardless of his mental state, Velt Lee himself poured the gasoline on his body and clothes and Velt Lee himself ignited the fire which was the tragic cause of his own demise. Any alleged wrongdoing of Speedway and/or its employees by violation of Florida Statute section 526.141 did not proximately cause the injury, i.e. suicide of Velt Lee. Even assuming the Speedway attendant was aware that Lee was improperly and illegally dispensing gasoline and she had insisted on an

authorized container, this would not have prevented the suicide. Mr. Lee very well could have doused himself with the gasoline from the authorized container and then ignited the fire. Therefore, the sale of the gasoline was not the proximate cause of Velt Lee's death.

In conclusion, Speedway is not civilly responsible for Velt Lee's suicide. Speedway did not have any duty to assess Velt Lee's mental stability. Speedway's sale of the gasoline to Velt Lee which he dispensed into an unauthorized container was not the proximate cause of Mr. Lee's death. The independent and intervening act of suicide was the proximate cause of Lee's death.

WHEREFORE, the Defendant, Speedway Superamerica, respectfully requests this Honorable Court to enter an Order granting final summary judgment in its favor and awarding the attorney's fees and costs in defense of this action and for any and such other relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent via facsimile and U.S. Mail to: Thomas C. Chase, Esquire, 1404 Dean Street, Suite 200 P.O. Box 1508, Fort Myers, Florida 33902-1508, on this 7th day of June, 2002.

GREGORY D. JONES, ESQUIRE
FBN: 372285
**CARMEN ALPIZAR, ESQUIRE**
FBN: 0096830
*Rywant, Alvarez, Jones, Russo,*
*& Guyton, P.A.*
109 N. Brush Street, Suite 500
Tampa, Florida 33602
(813) 229-7007
Attorneys for Defendant